UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Coker, | ) C/A No. 4:10-2506-HFF-TER |
| Plaintiff, | ) |
| vs. | ) |
| Warden Micheal McCall;<br>Perry Correctional, | ) Report and Recommendation |
| Defendants. | ) |

The Plaintiff, Robert Coker (Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution (PCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton*, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke*, 490 U.S. 319; *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

### Background

The complaint alleges that Perry Correctional Institution (PCI) is "locking a dorm down on the weekend" for "no reason." *See* Complaint, page 3. Plaintiff states that he follows the rules at PCI and, therefore, should not be subjected to weekend lock-downs. *Id.* Plaintiff also states that locking inmates "down for 14 days 2 weeks" causes problems between cell-mates due to "space." *Id.* at 4.

Plaintiff further complains that cell-mates "should have spaces to use the tiolet [sic] plus take 2 showers a day to control body odor." *Id.* at 3. Plaintiff claims that cell-mates "need privacy" and should not have be in the room with another inmate using the toilet. *Id.* Plaintiff states that the lack of a private toilet area creates "unsanitary situations" and that the Defendants' actions constitute cruel and unusual punishment. *Id.* at 3-4. Plaintiff seeks monetary compensation for the allegedly unconstitutional prison conditions.

### Discussion

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, to the extent Plaintiff names Perry Correctional as a Defendant in this action, his claims against this entity must fail.[2] It is well settled that only "persons" may act under color of state law, therefore, a defendant in a section 1983 action must qualify as a "person." For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). As the Perry Correctional Institution is a facility which houses state prisoners, this entity is not considered a "person" amenable to suit under § 1983. Therefore, Perry Correctional is entitled to summary dismissal from this action.

Next, Plaintiff alleges that PCI's lack of private toilet facilities and the placement of inmates on "lock down" status for periods of two (2) to fourteen (14) days, constitutes cruel and unusual

---

[2] It is not entirely clear from the pleading whether Plaintiff listed Perry Correctional in the complaint's caption and "parties" section as a separate Defendant, or for the purpose of identifying the individually named Defendant, Warden Micheal McCall.

punishment. As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)(quoting *Gregg v. Georgia*, 428 U.S. 153, 173(1976)). Thus, under the Eighth Amendment, sentenced prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." *Wolfish v. Levi*, 573 F.2d 118, 125 (2d Cir.1978), overruled on other grounds by *Bell v. Wolfish*, 441 U.S. 520 (1979). *See also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, the Eighth Amendment "does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). Further, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Id.* at 347. *See also Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir.1995); *Lopez v. Robinson*, 914 F.2d 486, 490 (4th Cir.1990).

"In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.' " *Shakka v. Smith*, 71 F.3d at 166( quoting *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir.1993)(quotation omitted)). *See also White v. Gregory*, 1 F.3d 267, 269 (4th Cir.1991)("In Strickler, we held that a prisoner must suffer 'serious or significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.").

In the present case, Plaintiff provides no indication that he has been denied any basic human need. While Plaintiff would like two showers a day and private toilet facilities, PCI's failure to provide these amenities does not constitute cruel and unusual punishment. *See Meckley v. Federal Correctional Institute*, No. 89-6841, 1990 WL 73511 (4th Cir. May 21, 1990)(finding no right to

4

private toilet and shower facilities)(citing *Rhodes v. Chapman*, 452 U.S. 337 (1982)). *See also Lee v. Downs*, 641 F.2d 1117, 1119 (4th Cir. 1981)("Persons in prison must surrender many rights of privacy which most people may claim in their private homes."). Plaintiff also claims that being placed on lock-down status causes arguments and altercations between roommates.[3] However, while Plaintiff references fourteen (14) "attacks" and a broken jaw during his incarceration, *see* Complaint at 3, he provides no facts to demonstrate that he has been personally involved in any such altercations during the lock-down periods specified in this complaint.[4] Additionally, while Plaintiff alleges that Defendant McCall "should be smart" enough to understand that lock-downs cause stress and potential problems between cell-mates, *see* Complaint at 4, Plaintiff provides no facts to show that Defendant McCall has intentionally subjected Plaintiff to cruel and unusual conditions or been deliberately indifferent to Plaintiff's health or safety. As such, Plaintiff fails to state a cognizable Eighth Amendment claim of cruel and unusual punishment.

Additionally, no liberty interest is created in custodial classifications. Meachum v. Fano, 427 U.S. 215, 225 (1976). Further, the courts are directed to leave prison administration to the discretion of those best suited to running the prisons. The Court has recognized that deference should be given to the decisions of prison administrators, especially when those decisions deal with issues of prison safety and security. Turner v. Safley, 482 U.S. 78 (1987).

---

[3] Although Plaintiff complains about the lack of space when confined to a cell, he provides no facts to demonstrate that his cell is overcrowded.

[4] The complaint discusses weekend lock-downs experienced by prisoners in general, and a lock-down initiated on September 6, 2010, involving the Plaintiff. *See* Complaint, pages 3, 5.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III.
United States Magistrate Judge

December 9, 2010
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).